CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 24 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD A. JASPER, ) | |
| A.K.A. WILLIAM A. JASPER, ) | |
|     Plaintiff, ) | Civil Action No. 7:07cv00393 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| J. HONAKER, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

    Plaintiff Edward A. Jasper, also known as William A. Jasper, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, seeking monetary damages in the amount of $200,000 for claims arising out of incidents on August 11 and 12, 2005, at Red Onion State Prison, in Pound, Virginia. Plaintiff, whose true name is "William A. Jasper," filed the complaint using the name "Edward Antoine Jasper." Plaintiff was granted in forma pauperis status and was permitted to proceed without full prepayment of the filing fee, and the complaint was served on defendants.[1] However, upon review of the complaint and plaintiff's filings in several new cases he has recently filed in this court, the court concludes that plaintiff is ineligible to proceed without full prepayment of the fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, the court will revoke its order entered on September 26, 2007, permitting plaintiff to pay the filing fee in installments, and will dismiss the complaint without prejudice.

    According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore,

---

[1] Defendants' response is due on January 28, 2007. The entry of this memorandum opinion and accompanying order renders a response unnecessary.

[2] Plaintiff's name is "William A. Jasper," but he often files complaints in the federal courts using

(continued...)

plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither paid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court will dismiss the complaint without prejudice.[4]

---

[2](...continued)
the name "Edward Antoine Jasper." Additionally, his Virginia Department of Corrections ("VDOC") identification number is "290522," but his complaints often state that his identification number is "225092," which is the reverse of his VDOC identification number.

As "William Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Dailey, et al., 1:99cv01683 (E.D. Va. June 27, 2000); Jasper, et al. V. Harper, et al., 1:99cv01497 (E.D. Va. March 27, 2000); Jasper v. Rodriguez, et al., 7:00cv00159 (W.D. Va. May 16, 2000); Jasper v. Biggerstaff, et al., 1:01cv01059 (E.D. Va. September 17, 2001) (plaintiff was explicitly notified of his "three strike" status); Jasper v. Henry, et al., 1:01cv01138 (August 15, 2001); and Jasper v. Harper, et al., 1:00cv00374 (E.D. Va. March 27, 2000). Additionally, after the dismissal of Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005), for failure to pay the fee in full, plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which entered an order specifically remarking plaintiff's ineligibility to proceed without full prepayment of the fees because of his "three strike" status. See Fourth Circuit Case No. 05-6805 (October 6, 2005).

As "Edward Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Fugate, 7:08cv00014 (W.D. Va. January 15, 2008); Jasper v. Mullins, et al., 7:07cv00497 (W.D. Va. November 8, 2007); and Jasper v. Fugate, 7:07cv00556 (W.D. Va. November 29, 2007).

[3] Plaintiff states that, after he refused to submit to a cell extraction, he "was assaulted by prison officials," was pepper sprayed, and was placed in ambulatory restraints and held in a strip cell. Plaintiff states that he suffered "bruises and cuts plus abrasions" but that he suffered "no broken bones and no sprains. . . ." These events are alleged to have occurred more than two years ago, between 8:00 p.m. on August 11, 2005, and 6:00 a.m. on August 12, 2005. The unsigned and undated complaint (and additional evidence submitted thereto, totaling 53 pages) was submitted to the court in an envelope postmarked August 8, 2007. Given these facts, the court finds that plaintiff's allegations fail to show that he is under "imminent" danger of "serious" physical harm.

[4] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See Fourth Circuit Case No. 05-6805 (October 6, 2005) (informing plaintiff that at least three of his actions had been dismissed by district courts and met the dismissal requirements of § 1915(g), and that "[t]he three qualifying dismissals are: Jasper v. Biggerstaff, No. 01-CV-1059 (E.D. Va. Sept. 17, 2001); Jasper v. Henry, No. 01-CV-1138 (E.D. Va. Aug. 15, 2001); and Jasper v. Rodriguez, No. 00-CV-159 (W.D. Va. May 16, 2000)." Therefore, the court will not give plaintiff additional time to pay the filing fee.

2

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for defendants.

ENTER: This 24th day of January, 2008.

/s/ Glen E. Conrad
United States District Judge